IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

SUSAN MAUDE BUCHSER,

    Plaintiff,

v.                                                        Civil Action No. 1:22-CV-110
                                                      (JUDGE KLEEH)

MAC WARNER, West Virginia
Secretary of State, and
ELECTION DIVISION,

    Defendants.

**REPORT AND RECOMMENDATION, RECOMMENDING THAT
DEFENDANT MAC WARNER'S MOTION TO DISMISS [ECF NO. 11] BE GRANTED**

This matter is before the Court pursuant to a Motion to Dismiss [ECF No. 11] filed by Defendant Mac Warner, West Virginia Secretary of State ("Defendant"), and a memorandum in support [ECF No. 12], thereof, filed on November 16, 2022. The matter is before the undersigned Magistrate Judge pursuant to a Referral Order [ECF No. 4] entered by the Hon. Thomas S. Kleeh, Chief United States District Judge, on October 28, 2022. By the Referral Order, Judge Kleeh directed the undersigned to enter orders or reports and recommendations, as appropriate, and handle other matters which may arise herein. Upon review of the pending Motion to Dismiss [ECF No. 11], the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's motion for the reasons set forth below and **DISMISS** this matter **without prejudice**.

**I. PLAINTIFF'S ALLEGATIONS AND PROCEDURAL HISTORY**

Plaintiff, proceeding *pro se*, filed a Complaint in this Court on October 28, 2022. [ECF No. 1]. While Plaintiff's claims are not straightforwardly pled, it appears that she attempts to bring one or more causes of action to reform how elections are conducted in West Virginia. The precise name of the cause of action, and its basis in law, are not specified. However, a parsing of the

1

Complaint reveals that Plaintiff claims that she is or was a candidate for elected office, namely that of representative of West Virginia's Second Congressional District. Plaintiff complains of a wide range of issues with how West Virginia elections are conducted, including the manner in which information on a ballot is available to voters; the manner in which voters are made aware of issues and candidates which are the subjects of elections; how voter registration is conducted; the use of electronic machines for voting; how provisional ballots are handled; the timeline of certain administrative measures in advance of elections; and how votes are counted.

Plaintiff claims to have served Defendant on the same day on which she filed the Complaint, October 28, 2022. [ECF No. 6]. Defendant appeared and filed the above-noted Motion to Dismiss [ECF No. 11] and memorandum in support [ECF No. 12], thereof, on November 16, 2022.[1] The Court issued a Roseboro notice [ECF No. 14] to Plaintiff on November 17, 2022 concerning the Motion to Dismiss. By the Roseboro notice, the Court instructed Plaintiff to file any opposition which she may have to the Motion to Dismiss within 21 days of the date of the notice. That deadline has passed. By the undersigned's review of the United States Postal Service's online delivery confirmation platform, the Roseboro notice was delivered to Plaintiff on November 25, 2022 at 3:42 p.m.[2] To date, Plaintiff has not filed a response to the Motion to Dismiss.[3]

---

[1] It appears that Plaintiff states that she, herself, served the summons and Complaint. [ECF No. 6]. The Federal Rules of Civil Procedure set forth who may serve process. A party to a civil action is not a person who may serve process. Fed. R. Civ. P. 4(c)(2). However, Defendant does not raise this defect in the Motion to Dismiss, and seems to have consented to such service. Thus, the undersigned does not herein raise improper service of process as a reason to dismiss the Complaint.

[2] See ECF No. 14-1 and https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=70212720000136192412%2C&tABt=false.

[3] On November 1, 2022, Plaintiff provided a change of temporary address, for a location in Switzerland, from November 20, 2022 to December 28, 2022. [ECF No. 7]. However, on the form provided, Plaintiff requested that mailings herein go to the permanent address originally provided. Then, on November 10, 2022, Plaintiff updated her permanent address. The Roseboro notice was delivered to that updated permanent address. Thus, the Roseboro notice has been properly delivered.

2

## II. REVIEW AND ANALYSIS

Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct plaintiffs' legal arguments for them, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

To survive a motion to dismiss, the rules which govern civil actions require Plaintiff to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, a complaint must set forth a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under seminal civil procedure caselaw, a cause of action must be supported by "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reliance on Twombly, the Supreme Court has emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The legal authority on which Plaintiff relies is quite minimal. She generally invokes the United States Constitution, and declares certain election operations and practices to be unconstitutional. But Plaintiff cites no particular part of the United States Constitution nor interpretative caselaw in support of her claims. She invokes no state or federal statute, regulation, policy, or other provision in support of her claims. Plaintiff cites no law which may govern Defendant's operations. As such, Plaintiff identifies no specific law by which Defendant operates which is unconstitutional, or which Defendant is not following.

As noted above, Fed. R. Civ. P. 8(a) does not generally require that claims be pled with great detail. Nonetheless, claims must be pled with sufficient detail that a defendant has fair notice of the basis of a plaintiff's claim. Twombly, 550 U.S. at 555. More specifically:

> It is established that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We have recognized that facial plausibility is established once . . . the complaint's factual allegations produce an inference . . . strong enough to nudge the plaintiff's claims across the line from conceivable to plausible. In assessing the sufficiency of a complaint, we assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged.

Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal citations and quotations omitted). In other words, Plaintiff must propound enough factual allegations sufficient for the Court to reasonably infer that Defendant bears liability. To that end, Plaintiff must state how Defendant engaged in which specific act(s). Plaintiff fails to do so. It is not sufficient for Plaintiff to cast a wide net with broad allegations and conclusions without specifically alleging how Defendant acted in a particular manner.

At bottom, then, the undersigned **FINDS** that the Complaint simply does not contain sufficient factual allegations tied to viable legal claims. Thus, Plaintiff articulates no cognizable legal causes of action. Plaintiff presents no basis on which she can proceed with a civil action here. This falls woefully short of any necessary component of a well-pleaded complaint required to maintain a cause of action. As helpfully summarized in an adjacent District:

> [C]ourts have "unhesitatingly dismissed actions where the complaint:
>
> • consisted of "a labyrinthian prolixity of unrelated and vituperative charges that def(y) comprehension," Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972), cert. denied, 411 U.S. 935, 93 S.Ct. 1911, 36 L.Ed.2d 396 (1973);

> • was "confusing, ambiguous, redundant, vague and, in some respects, unintelligible," Wallach v. City of Pagedale, Missouri, 359 F.2d 57, 58 (8th Cir. 1966);
> • was "so verbose, confused and redundant that its true substance, if any, is well disguised," Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir.), cert. denied, 382 U.S. 966, 86 S.Ct. 458, 15 L.Ed.2d 370 (1965);
> • contained "a completely unintelligible statement of argumentative fact," Koll v. Wayzata State Bank, 397 F.2d 124, 125 (8th Cir. 1968), with "little more than demands, charges, and conclusions," Burton v. Peartree, 326 F.Supp. 755, 758 (E.D. Pa. 1971);
> • represented "circuitous diatribes far removed from the heart of the claim," Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y. 1972); or
> • set forth "a meandering, disorganized, prolix narrative," Karlinsky v. New York Racing Association, Inc., 310 F.Supp. 937, 939 (S.D.N.Y. 1970).
>
> Jianqing Wu v. TrustPoint Int'l, No. CV PWG-15-1924, 2015 WL 13091378, at *1 (D. Md. Oct. 5, 2015) (formatting altered) (quoting Brown, 75 F.R.D. at 499 (dismissing complaint that was "a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies" and that "contain[ed] an untidy assortment of claims that [were] neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments")).

Plumhoff v. Cent. Mortg. Co., 286 F. Supp. 3d 699, 702 (D. Md. 2017).

Plaintiff's Complaint herein falls into such a category of such poorly-articulated pleadings, and is worthy of outright dismissal. To summarize, the undersigned cannot discern a clear nexus between (a) the sets of factual allegations made and (b) the intended cause(s) of action which Plaintiff seeks to bring. Nor can the undersigned discern the assertion of permissible claims otherwise. Thus, even when construing the *pro se* Complaint most liberally, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the undersigned respectfully **FINDS** that the Complaint, as currently written, is without foundation in fact and does not set forth cognizable claims at law. As such, the Complaint does not sufficiently state a claim for relief. Twombly, 550 U.S. 544.

The Complaint is so insufficient that it does not provide Defendant with fair notice of the nature of the claim(s) which Plaintiff would lodge against him or the relief Plaintiff would have this Court order. Thus, the Complaint fails to meet the basic requirements of Fed. R. Civ. P. 8(a).

## IV. RECOMMENDATION AND CONCLUSION

Accordingly, for the reasons herein stated, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss [ECF No. 11] be **GRANTED** and Plaintiff's Complaint [ECF No. 1] be **DISMISSED without prejudice** and struck from this Court's docket.

On a related note, Plaintiff names two party-defendants: (1) Mac Warner, West Virginia Secretary of State, who appeared and filed the Motion to Dismiss [ECF No. 11], and (2) Election Division. Plaintiff does not specify exactly who she intends to sue by naming "Election Division" as a party-defendant. But Plaintiff seems to try to identify "Election Division" as an arm or instrumentality of Defendant Mac Warner, West Virginia Secretary of State's office. Plaintiff makes no distinction between the two party-defendants herein as to her factual allegations or claims for relief. The review and analysis herein are applicable to both party-defendants, to the extent which "Election Division" exists and is an entity which might be properly named as a party-defendant. Thus, the undersigned further **RECOMMENDS** that the presiding District Judge likewise **DISMISS** the party-defendant "Election Division" from this action.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to provide a copy of this Order to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted December 19, 2022.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE