IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

SUSAN MAUDE BUCHSER,

    Plaintiff,

v.                                                      Civil Action No. 1:22-CV-110
                                                      (JUDGE KLEEH)

MAC WARNER, West Virginia
Secretary of State, and
ELECTION DIVISION,

    Defendants.

**OMNIBUS REPORT AND RECOMMENDATION, RECOMMENDING THAT *PRO SE* PLAINTIFF'S MOTION [ECF NO. 20] TO FILE AMENDED COMPLAINT BE DENIED, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 27] BE DENIED, DEFENDANT'S MOTION TO DISMISS [ECF NO. 28] BE DENIED AS UNRIPE, PLAINTIFF'S MOTION [ECF NO. 33] TO AMEND HER MOTION TO AMEND BE DENIED, AND THAT THE MATTER BE DISMISSED WITHOUT PREJUDICE**

The matter is before the undersigned Magistrate Judge pursuant to a Referral Order [ECF No. 4] entered by the Hon. Thomas S. Kleeh, Chief United States District Judge, on October 28, 2022. By the Referral Order, Judge Kleeh directed the undersigned to enter orders or reports and recommendations, as appropriate, and handle other matters which may arise herein.

**I. Plaintiff's Motion to File Amended Complaint [ECF No. 20]**

The undersigned previously entered a Report and Recommendation [ECF No. 15] on December 19, 2022, recommending that Defendant's Motion to Dismiss [ECF No. 11] the original Complaint be granted and that the matter be dismissed without prejudice. Subsequently, Plaintiff has filed a Motion [ECF No. 20] requesting to amend the original Complaint. Plaintiff includes therewith the proposed Amended Complaint.

1

After review of the proposed Amended Complaint [ECF No. 20], the undersigned **FINDS** that the proposed Amended Complaint sets forth nothing materially different from the original Complaint. Thus, the analysis, citations to authority, and recommendation of dismissal, set forth in the previous Report and Recommendation [ECF No. 15], are wholly applicable to the proposed Amended Complaint. The undersigned thus incorporates that review and analysis herein by reference.

That Plaintiff includes minimal, passing citations to authority in the proposed Amended Complaint – where there are virtually no citations to authority in the original Complaint – is of no consequence and does not alter the undersigned's analysis and recommendation. Plaintiff merely lists 42 U.S.C. § 1983 [ECF No. 20, at 1], which allows civil causes of action against government entities for alleged deprivation of certain rights, as legal authority for her claims and relief sought. But Plaintiff provides absolutely no specification of how the wrongs alleged are in contravention of this statute. Plaintiff also invokes the Fourteenth Amendment of the United States Constitution [ECF No. 20, at 2], but again, provides no specificity as to how it provides a remedy at law for the wrongs she alleges.

With due respect, it is as if Plaintiff attempts to salvage her original Complaint by now dropping minimal citations to legal authority, without context or an understanding of them, into a sprawling factual narrative. And as for the factual narrative in the proposed Amended Complaint, the undersigned acknowledges that it contains some differences from the narrative provided in the original Complaint. However, the facts alleged are, candidly and respectfully, not comprehensible. They are presented in such a fashion that a court of law is left wondering how it could possibly make sense of them, or even begin to formulate a strategy to manage such wide-ranging, unwieldy,

and inarticulate allegations. The proposed pleading is wholly insufficient, and allowing the case to proceed, as proposed in the Amended Complaint, would be a waste of judicial resources.

Accordingly, for the reasons herein stated, the undersigned **RECOMMENDS** that Plaintiff's Motion to Amend [ECF No. 20] be **DENIED**, and that this action be **DISMISSED without prejudice** and struck from this Court's docket.

## II. Defendant's Motion to Dismiss Amended Complaint [ECF No. 28]

The Court also is in receipt of Defendant's Motion to Dismiss [ECF No. 28] the Amended Complaint. However, the motion to dismiss is premature. The Court has not ruled on Plaintiff's Motion to Amend, such that the Amended Complaint has not been lodged, and is not in a posture requiring a responsive pleading.

If Plaintiff is permitted to file the Amended Complaint, then Defendant could renew its Motion to Dismiss at the appropriate time. At this time, though, the Motion to Dismiss is premature and improperly presented.

Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [ECF No. 28] be **DENIED** as unripe for disposition, with permission to re-file (if appropriate) at a future date.

## III. Plaintiff's Motion for Summary Judgment [ECF No. 27]

The Court also is in receipt of Plaintiff's Motion for Summary Judgment [ECF No. 27] and memorandum in support [ECF No. 27-1], thereof. This case is at its very earliest procedural stages, such that a request for summary judgment (or similar request) is premature. More to the point, there is pending before the Court the undersigned's earlier Report and Recommendation [ECF No. 15], recommending that Defendant's Motion to Dismiss [ECF No. 11] be granted. And with entry

3

of the instant Report and Recommendation, there is further pending recommendation that the matter be dismissed.

Thus, unless and until the presiding District Judge would allow the matter to proceed, it is premature for a party to seek summary judgment. After all, the customary developments in a civil matter, which would give rise to a motion for summary judgment, have not occurred. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion for Summary Judgment [ECF No. 27] be **DENIED.**

### IV. Plaintiff's Motion to Amend [ECF No. 33] the Motion to File Amended Complaint [ECF No. 20]

Finally, the Court is in receipt of Plaintiff's Motion to Amend. [ECF No. 33]. In the Motion to Amend [ECF No. 33], Plaintiff requests permission to amend the relief sought in her earlier-filed Motion to File Amended Complaint. [ECF No. 20]. As set forth otherwise herein, the undersigned recommends that Plaintiff's Motion to File Amended Complaint [ECF No. 20] be denied.

Upon a detailed review of the Motion to Amend [ECF No. 33], the undersigned cannot discern what, specifically and materially, is different with respect to the relief which Plaintiff earlier requested in the Motion to File Amended Complaint. Respectfully, the Motion to Amend [ECF No. 33] is a wandering narrative about Plaintiff's perceived shortcomings of procedures for electing public officials, and a request that the Court order certain high-ranking current and former government officials to caucus with Plaintiff to restructure the electoral system.

Essentially, this is in line with Plaintiff's earlier-filed narratives and requests, which the undersigned previously reviewed and summarized. In the presently-pending Motion to Amend [ECF No. 33], the undersigned can find nothing materially different from Plaintiff's earlier-requested relief. And Plaintiff fails to provide newly-posited legal authority which would allow

4

the Court to order such relief. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion to Amend [ECF No. 33] the Motion to File Amended Complaint [ECF No. 20] be **DENIED.**

## V. Conclusion

As more fully set forth herein, the undersigned provides this Omnibus Report and Recommendation to respectfully **RECOMMEND** that: (1) Plaintiff's Motion to Amend [ECF No. 20] be **DENIED**, and that this action be **DISMISSED without prejudice** and struck from this Court's docket; (2) Defendant's Motion to Dismiss [ECF No. 28] be **DENIED** as unripe for disposition, with permission to re-file (if appropriate) at a future date; (3) Plaintiff's Motion for Summary Judgment [ECF No. 27] be **DENIED**; and (4) Plaintiff's Motion to Amend [ECF No. 33] the Motion to File Amended Complaint [ECF No. 20] be **DENIED**.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir.

1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to provide a copy of this Order to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted March 8, 2023.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE